Tionna Dolin (SBN 299010)
Email: tdolin@slpattorney.com
(emailservices@slpattorney.com)
**Strategic Legal Practices, APC**
1888 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorneys for Plaintiff,
KENNETH WOLFF

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WOLFF,<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>Assigned to:<br>Dept.<br><br>**COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS**<br><br>JURY TRIAL DEMANDED |

**COMPLAINT; JURY TRIAL DEMANDED**

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. Furthermore, the Court has jurisdiction over this matter because there is minimal diversity as Plaintiff and Defendants are citizens of different states, with a claim that exceeds the amount in controversy of $75,000, pursuant to 28 U.S.C. § 1332.

2. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Northern District of California because a substantial part of the events or omissions giving rise to the claim occurred within the judicial district, including entering into the warranty contract for and/or repairs of the Subject Vehicle, occurred in Santa Clara County.

## GENERAL ALLEGATIONS

3. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff KENNETH WOLFF.

4. Plaintiff is a resident of California.

5. As used in this Complaint, the word "Defendant" shall refer to all Defendants named in this Complaint.

6. Defendant FORD MOTOR COMPANY ("Defendant FMC") is a corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business in California. Defendant FMC's principal place of business is in the State of Michigan. Defendant's FMC's principal place of business in the State of California is in Santa Clara County. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in Santa Clara County, California.

7. Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. They are sued pursuant to Code of

Civil Procedure section 474. When Plaintiff become aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiff will amend this Complaint to state their true names and capacities.

## FACTUAL BACKGROUND

8. On or about March 11, 2018, in California, Plaintiff entered into a warranty contract with Defendant FMC regarding a 2018 Ford F-150 vehicle identification number 1FTEW1EG8JFC02745 (hereafter "Vehicle"), which was manufactured and/or distributed by Defendant FMC.

9. The warranty contract contained various warranties, including but not limited to the bumper-bumper warranty, powertrain warranty, emission warranty, etc. A true and correct copy of the warranty contract is attached hereto as **Exhibit A**. The terms of the express warranty are described in **Exhibit A** and are incorporated herein.

10. Pursuant to the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act") Civil Code sections 1790 et seq. the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the vehicle primarily for those purposes. Plaintiff is a "buyer" of consumer goods under the Act. Defendant FMC is a "manufacturer" and/or "distributor" under the Song-Beverly Act.

11. Plaintiff justifiably revokes acceptance of the Subject Vehicle under Civil Code, section 1794, et seq. by filing this Complaint and/or did so prior to filing the instant Complaint.

12. These causes of action arise out of the warranty obligations of Defendant FMC in connection with a motor vehicle for which Defendant FMC issued a written warranty.

13. Defects and nonconformities to warranty manifested themselves within the applicable express warranty period, including but not limited to, the electrical system; the transmission; the engine; among other defects and non-

conformities.

14. Said defects/nonconformities substantially impair the use, value, or safety of the Vehicle.

15. The value of the Vehicle is worthless or de minimus.

16. Under the Song-Beverly Act, Defendant FMC had an affirmative duty to promptly offer to repurchase or replace the Subject Vehicle at the time if failed to conform the Subject Vehicle to the terms of the express warranty after a reasonable number of repair attempts.[1]

17. Defendant FMC has failed to either promptly replace the Subject Vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

18. Under the Song-Beverly Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation to an authorized repair facility for a nonconformity.

19. Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, et seq. Plaintiff is entitled to rescission of the contract pursuant to Civil Code, section 1794, et seq. and Commercial Code, section 2711.

20. Plaintiff is entitled to recover any "cover" damages under

---

[1] "A manufacturer's duty to repurchase a vehicle does not depend on a consumer's request, but instead arises as soon as the manufacturer fails to comply with the warranty within a reasonable time. (*Krotin v. Porsche Cars North America, Inc.* (1995) 38 Cal.App.4th 294, 301-302, 45 Cal.Rptr.2d 10.) Chrysler performed the bridge operation on Santana's vehicle in August 2014 with 30,262 miles on the odometer—within the three-year, 36,000 mile warranty. The internal e-mails demonstrating Chrysler's awareness of the safety risks inherent in the bridge operation were sent in September 2013, and thus Chrysler was well aware of the problem when it performed the bridge operation on Santana's vehicle. Thus, Chrysler's duty to repurchase or provide restitution arose prior to the expiration of the three-year, 36,000 mile warranty. Moreover, although we do not have the actual five-year, 100,000 mile power train warranty in our record, Santana's expert testified that the no-start/stalling issues Santana experienced were within the scope of the power train warranty, which was still active when Santana requested repurchase in approximately January 2016, at 44,467 miles. Thus the premise of Chrysler's argument—that Santana's request for repurchase was outside the relevant warranty—is not only irrelevant, but wrong." *Santana v. FORD MOTOR COMPANY,* 56 Cal. App. 5th 334, 270 Cal. Rptr. 3d 335 (2020).

Commercial Code, sections 2711, 2712, and Civil Code, section 1794, et seq.

21. Plaintiff is entitled to recover all incidental and consequential damages pursuant to 1794 et seq. and Commercial Code, sections 2711, 2712, and 2713 et seq.

22. Plaintiff suffered damages in a sum to be proven at trial in an amount that exceeds $75,000.00.

23. Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendants' failure to comply with its obligations under the Song-Beverly Act and/or Magnuson-Moss Warranty Act.

## TOLLING OF THE STATUTES OF LIMITATION

### A. Class Action Tolling

24. Under the tolling rule articulated in *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974) ("*American Pipe*"), the filing of a class action lawsuit in federal court tolls the statute of limitations for the claims of unnamed class members until the class certification issue is resolved. In applying *American Pipe* tolling to California cases, the California Supreme Court summarized the tolling rule derived from *American Pipe* and stated that the statute of limitations is tolled from the time of commencement of the suit to the time of denial of certification for all purported members of the class. *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1119 (1988). Tolling lasts from the day a class claim is asserted until the day the suit is conclusively not a class action. *Falk v. Children's Hosp. Los Angeles*, 237 Cal. App. 4th 1454, 1464 (2015).

25. The tolling of Plaintiff's individual statute of limitations encourages the protection of efficiency and economy in litigation as promoted by the class action devise, so that putative class members would not find it necessary to seek to intervene or to join individually because of fear the class might never be certified or putative class members may subsequently seek to request exclusion.

### B. Discovery Rule Tolling

26. Making it even more difficult to discover that the Subject Vehicle's engine suffered from a safety defect was Defendants' issuance of various TSBs and Recalls purporting to be able to fix various symptoms of the defects

27. As a result of the foregoing, Plaintiff did not become suspicious of Defendant's concealment of the latent defects and its inability to repair them until shortly before the filing of the complaint, when the issues persisted following Defendant's representations that the Vehicle was repaired, and thus contacted Defendant directly.

28. Plaintiff always acted diligently in presenting the Subject Vehicle for repairs and following the directives of Defendant's authorized repair personnel.

29. Defendants were under a continuous duty to disclose to Plaintiff the true character, quality, and nature of the Defendant Vehicles' suffering from defects, and the inevitable repairs, costs, time, and monetary damage resulting from the defects. Due in part to Defendant's failure to do so, Plaintiff was unable to discover Defendant's wrongful conduct alleged herein until the issues persisted following Defendants attempts to conform the Vehicle to its warranties.

30. Plaintiff discovered Defendants' wrongful conduct alleged herein shortly before the filing of the complaint, when Plaintiff requested a buyback and/or restitution of the Subject Vehicle from Defendant FMC as the Vehicle continued to exhibit symptoms of defects following Defendant FMC's unsuccessful attempts to repair them. However, Defendant FMC failed to provide restitution pursuant to the Song-Beverly Consumer Warranty Act and/or Magnuson-Moss Warranty Act.

### C. The Repair Doctrine

31. The statute of limitations is tolled by various unsuccessful attempts to repair the vehicle.[2]

---

[2] See *Aced v. Hobbs–Sesack Plumbing Co.*, 55 Cal.2d 573, 585 (1961) ("The statute of limitations is tolled where one who has breached a warranty claims that the defect can be repaired and attempts to make repairs.") and *A&B Painting & Drywall, Inc. v. Sup. Ct.*, 25 Cal.App.4th 349, 355 (2002) ("Tolling during a period

32. Additionally, the limitations period for warranty claims is tolled against a defendant whenever that Defendant claims that the defect is susceptible to repair and attempts to repair the defect.[3]

33. Here, Defendant undertook to perform various transmission system repairs and issued various engine cooling system-related repair measures in the form of TSBs and recalls. During the time in which Defendant represented to Plaintiff that the Vehicle was fixable and attempted to fix it, the warranty period may thus have been tolled.

### D. Fraudulent Concealment Tolling (Estoppel)

34. Separately, the statute of limitations is equitably tolled due to Defendant's fraudulent conduct alleged herein.[4]

35. Defendants concealed the defect, minimized the scope, cause, and dangers of the Defect with inadequate recalls, and refused to investigate, address, and remedy the Defect as it pertains to all Defendant Vehicles as set forth herein.

36. Plaintiff discovered Defendants' wrongful conduct alleged herein shortly before the filing of the complaint, when Plaintiff requested a buyback and/or restitution of the Subject Vehicle from Defendant FMC as the Vehicle

---

of repairs rests upon the same basis as does an estoppel to assert the statute of limitations, i.e., reliance by the plaintiff upon the words or actions of the defendant that repairs will be made.").

[3] "Tolling during a period of repairs generally rests upon the same legal basis as does an estoppel to assert the statute of limitations, i.e., reliance by the plaintiff on the words or actions of the defendant that repairs will be made." *Cardinal Health 301, Inc., supra,* 169 Cal.App.4th at pp. 133–34.

[4] Silence, when there is a duty to speak, may be the basis for equitable estoppel. *See Dettamanti v. Lompoc Union High School Dist. of Santa Barbra County*, 143 Cal. App. 2d 715, 720 (1956) ("The basis for an estoppel may be found in the failure of the party sought to be estopped to speak when he is under a duty to speak as well as in his speaking falsely and in a manner which tends to deceive."). Estoppel to plead the statute of limitations is a well-accepted doctrine under California law. See 3 Witkin Cal. Proc. 4th § 693 at 885 ("'[T]he fraudulent concealment by the defendant of the facts upon which the existence of which the cause of action depends tolls the statute,' and that the statute does not begin to run until discovery . . . .'" (quoting *Kimball v. Pacific Gas & Elec. Co.*, 220 Cal. 203, 215 (1934)).

continued to exhibit symptoms of defects following Defendant FMC's unsuccessful attempts to repair them. However, Defendant FMC failed to provide restitution pursuant to the Song-Beverly Consumer Warranty Act and/or Magnuson-Moss Warranty Act.

37. Based on the foregoing, Defendants are estopped from relying on any statutes of limitations in defense of this action.

# FIRST CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT FMC
## VIOLATION OF SUBDIVISION (D) OF CIVIL CODE § 1793.2

38. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

39. Defendant FMC and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2).

40. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section 1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code section 1794.

41. Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed and refused to promptly replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c).

42. Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (e).

43. Plaintiff seeks civil penalties pursuant to section 1794, subdivisions (c), and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code section 1794, subdivision (f).

## SECOND CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT FMC
## VIOLATION OF SUBDIVISION (B) OF CIVIL CODE § 1793.2

44. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

45. Although Plaintiff presented the Vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

46. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

47. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to request a buyback. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire value of the Vehicle. In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's

value is *de minimis.*

48. Defendant FMC'S failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant FMC and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

## THIRD CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT FMC
## VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE § 1793.2

49. Plaintiff incorporates by reference the allegations contained in paragraphs set forth above.

50. In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

51. Defendant's failure to comply with its obligations under Civil Code section 1793.2, subdivision (a)(3) was wilful, in that Defendant knew of its obligation to provide literature and replacement parts sufficient to allow its repair facilities to effect repairs during the warranty period, yet Defendant failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages; pursuant to Civil Code section 1794(c).

## FOURTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT FMC
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

**(CIVIL CODE, § 1791.1; § 1794; § 1795.5)**

52. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

53. Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

54. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the warranty contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

55. At the time of entering into the warranty contract, or within one-year thereafter, the Vehicle contained or developed the defects set forth above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the warranty contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

56. Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

///

///

///

///

# FIFTH CAUSE OF ACTION
# BY PLAINTIFF AGAINST DEFENDANT FMC
## (Fraudulent Inducement - Concealment)

57. Plaintiff incorporates by reference the allegations contained in the paragraphs set forth above.

58. Plaintiff purchased the Vehicle as manufactured with Defendant's transmission.

59. Defendant committed fraud by allowing to be sold to Plaintiff the Vehicle without disclosing that the Subject Vehicle and its transmission was defective and susceptible to sudden and premature failure.

60. In particular, Plaintiff is informed, believes, and thereon alleges that prior to Plaintiff acquiring the Subject Vehicle, FMC was well aware and knew that the transmission installed in the Subject Vehicle was defective but failed to disclose this fact to Plaintiff at the time of sale and thereafter.

61. Specifically, FMC knew (or should have known) that the transmission had one or more defects that can result in various problems, including, but not limited to, hesitation upon acceleration, harsh shifting, delay upon shifting, slamming into gear, and transmission failure ("Transmission Defect"). These conditions present a safety hazard and are unreasonably dangerous to consumers because they can suddenly and unexpectedly affect the driver's ability to control the vehicle's speed, acceleration, deceleration and/or overall responsiveness of the vehicle in various driving conditions.

62. Plaintiff is informed, believes and thereon alleges that FMC acquired its knowledge of the Transmission Defect prior to Plaintiff acquiring the Subject Vehicle, through sources not available to consumers such as Plaintiff, including but not limited to pre-production and post-production testing data, early consumer

complaints about the transmission defect made directly to FMC and its network of dealers, aggregate warranty data compiled from FMC's network of dealers, testing conducted by FMC in response to these complaints, as well as warranty repair and part replacements data received by FMC from FMC's network of dealers, amongst other sources of internal information.

63. Plaintiff is informed, believes, and thereon alleges that while Defendant knew about the Transmission Defect, and its safety risks, Defendant nevertheless concealed and failed to disclose the defective nature of the Vehicle and its transmission to Plaintiff at the time of sale, repair, and thereafter. Had Plaintiff known that the Subject Vehicle suffered from the Transmission Defect, they would not have purchased the Subject Vehicle.

64. Indeed, Plaintiff alleges that Defendant knew that the Vehicle and its transmission suffered from an inherent defect, was defective, would fail prematurely, and was not suitable for its intended use.

65. Defendant was under a duty to Plaintiff to disclose the defective nature of the Vehicle and its transmission, its safety consequences and/or the associated repair costs because:

    a. Defendant acquired its knowledge of the Transmission Defect and its potential consequences prior to Plaintiff acquiring the Subject Vehicle, through sources not available to consumers such as Plaintiff, including but not limited to pre-production testing data, early consumer complaints about the transmission defect made directly to FMC and its network of dealers, aggregate warranty data compiled from FMC network of dealers, testing conducted by FMC in response to these complaints, as well as warranty repair and part replacements data received by FMC from FMC's network of dealers, amongst other sources of internal information;

b. Defendant was in a superior position from various internal sources to know (or should have known) the true state of facts about the material defects contained in vehicles equipped with the defective transmission; and

c. Plaintiff could not reasonably has been expected to learn or discover of the Vehicle's Transmission Defect and its potential consequences until well after Plaintiff purchased/leased the Vehicle given Defendant's failure to disclose information about the transmission's defective nature.

66. In failing to disclose the defects in the Vehicle's transmission, Defendant has knowingly and intentionally concealed material facts and breached its duty not to do so.

67. The facts concealed or not disclosed by Defendant to Plaintiff is material in that a reasonable person would have considered them to be important in deciding whether or not to purchase/lease the Vehicle. Had Plaintiff known that the Vehicle and its transmission were defective at the time of sale, he would not have purchased/leased the Vehicle.

68. Plaintiff is a reasonable consumer who does not expect her transmission to fail and not work properly. Plaintiff further expects and assumes that Defendant will not sell or lease vehicles with known material defects, including but not limited to those involving the vehicle's transmission and will disclose any such defect to its consumers before selling such vehicles.

69. Plaintiff only became suspicious that the Subject Vehicle suffered from the Transmission Defect after presenting the Subject Vehicle to Defendant for a reasonable number of repair attempts to no avail. When it became evident that Defendant was unable to repair the Transmission Defect, Plaintiffs contacted FMC directly to request a repurchase or replacement shortly before the filing of the complaint, which Defendant denied.

70. As a result of Defendant's misconduct, Plaintiffs have suffered and will continue to suffer actual damages.

## PRAYER

PLAINTIFF PRAYS for judgment against Defendant as follows:

    a.    For general, special, and actual damages according to proof;

    b.    For restitution;

    c.    For any consequential and incidental damages;

    d.    For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

    e.    For prejudgment interest at the legal rate;

    f.    For punitive damages;

    g.    For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);

    h.    For such other relief as the Court may deem proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: August 08, 2022        STRATEGIC LEGAL PRACTICES, APC

BY:     /s/ Tionna Dolin
TIONNA DOLIN
Attorneys for Plaintiff,
KENNETH WOLFF